Matter of Scott v Venettozzi (2018 NY Slip Op 07503)





Matter of Scott v Venettozzi


2018 NY Slip Op 07503


Decided on November 8, 2018


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: November 8, 2018


[*1]In the Matter of JAMES SCOTT, Petitioner,
v
DONALD VENETTOZZI, as Acting Director of Special Housing and Inmate Disciplinary Programs, Respondent.

Calendar Date: September 18, 2018

Before: Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ.


James Scott, Beacon, petitioner pro se.
Barbara D. Underwood, Attorney General, Albany (Marcus J. Mastracco of counsel), for respondent.



MEMORANDUM AND JUDGMENT
Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Corrections and Community Supervision finding petitioner guilty of violating a prison disciplinary rule.
After his urine twice tested positive for the presence of buprenorphine, petitioner was charged in a misbehavior report with using a controlled substance. He was found guilty of that charge following a tier III disciplinary hearing, and the determination was later affirmed on administrative review. This CPLR article 78 proceeding ensued.
We confirm. The misbehavior report, positive urinalysis test results and related documentation and the testimony of the correction officer who tested the sample, in addition to petitioner's testimony conceding that his urine sample tested positive, provide substantial evidence supporting the determination of guilt (see Matter of Matthews v Annucci, 162 AD3d 1432, 1433 [2018]; Matter of Guadalupe v Venettozzi, 158 AD3d 883, 884 [2018]). Petitioner's contention regarding noncompliance with Department of Corrections and Community Supervision Directive No. 4837 is contradicted by the testimony of the officer who completed the request for urinalysis form and conducted the urinalysis test, which the Hearing Officer credited. The officer testified that the form contained a clerical error as to the date that petitioner was ordered to provide the specimen, and verified that the specimen was in fact ordered on the same day that the officer collected it and informed petitioner why it had been ordered. Accordingly, the explained discrepancy created a credibility issue for the Hearing Officer to resolve (see Matter of Covington v Annucci, 160 AD3d 1333, 1334 [2018], lv denied 32 NY3d 903 [2018]; Matter of Ramos v Annucci, 159 AD3d 1185, 1185-1186 [2018]). Petitioner's claim that he never received Appendix C to that directive and other documents was belied by the tier III case data sheet and hearing record sheet, which were signed by petitioner and reflect that he received [*2]this and other testing documents prior to the hearing. Petitioner's remaining claims are unpreserved or belied by the record.
Garry, P.J., McCarthy, Mulvey, Aarons and Rumsey, JJ., concur.
ADJUDGED that the determination is confirmed, without costs, and petition dismissed.